**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EPIC REFERENCE LABS, INC., BIOHEALTH MEDICAL LABORATORY, INC. and PB LABORATORIES, LLC, )))))) | |
| Plaintiffs, )) | Case No. 19-CV-1326 |
| v. )) | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, )))))) | |
| Defendants. )) | |

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**

Defendants Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (together, "Cigna" or "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, to remove this case from the Superior Court, Civil Division of the Judicial District of Hartford, Case Number HHD-CV19-6115233-S, where it is currently pending, to the United States District Court for the District of Connecticut. This case is removable pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims, in whole or in part, arise under and are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction.

Cigna respectfully shows the Court as follows:

1.       On or about July 25, 2019, Epic Reference Labs, Inc., BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC ("Plaintiffs") initiated this action in the Superior Court

of the State of Connecticut for the Judicial District of Hartford, Case No. HHD-CV19-6115233-S.

2.     On or about July 29, 2019, Cigna was served with a Civil Summons and the Complaint and Jury Demand.  A true and correct copy of all process, pleadings and filings served upon Cigna are attached to the concurrently filed Declaration of Edward T. Kang.

3.     Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of the initial pleading on which the action is based.

4.     The United States District Court for District of Connecticut is the federal judicial district embracing the Superior Court of the State of Connecticut for the District of Hartford, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 84(c) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5.     Plaintiffs are laboratories located in West Palm Beach, Florida that provide medical testing services, including diagnostic medical testing of patient blood and urine samples.  (Compl. ¶¶ 3-4, 9.)  Plaintiffs are "out-of-network" providers who have not contracted with Cigna. (*Id.* ¶¶ 28.)  Plaintiffs allegedly provided testing services to individual patients who are "subscribers or beneficiaries of commercial, non-Medicare health plans insured or administered by" Cigna.  (*Id.* ¶ 11.)  Plaintiffs claim that the services Plaintiffs provided are "covered services" under the applicable health plans insured or administered by Cigna and that Cigna is obligated to pay Plaintiffs for these testing services.  (*Id.* ¶¶ 20, 23, 31-32.)

6.     Plaintiffs' Complaint alleges that the plans at issue are "commercial, non-Medicare health plans insured or administered by" Cigna, but Plaintiffs purposefully do not identify whether those plans are governed by ERISA.  For at least some, if not all, of the claims at issue, the

applicable "health plan" referred to in the Complaint is an employee welfare benefit plan, sponsored by the patient's employer(s) and governed by ERISA.

7.     The primary objective of ERISA is to "provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).    Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, *et seq.*, is one area where Congress intended to "occupy the field," thus providing for complete or "super" preemption of state law claims, irrespective of the absence of an explicit federal claim pled on the face of the complaint. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987).  Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original and/or exclusive jurisdiction over such claims, without respect to the amount in controversy or the citizenship of the parties.

8.     To that end, Section 514(a) of ERISA broadly preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" covered by ERISA.  29 U.S.C. § 1144(a) (emphasis added).   While the term "relate to" is not defined in the statute, a state law "relates to" an employee benefit plan, and is thus preempted by ERISA, if the state law has: (1) a "*reference to*" an ERISA plan; or (2) an impermissible "*connection with*" an ERISA plan. *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016); *Coventry Health Care of Mo., Inc. v. Nevils*, 137 S. Ct. 1190, 1197 (2017) ("We have repeatedly recognized that the phrase "relate to" in a preemption clause "express[es] a broad pre-emptive purpose.") (citations and internal quotations omitted).

9.     The term "state law" encompasses not only statutes but also common law causes of action.  *See* 29 U.S.C. § 1144(c)(1) ("The term 'State law' includes all laws, decisions, rules,

regulations, or other State action having the effect of law...."). Generally, when a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due to a plan or participant under ERISA, any such state law claims will be preempted. *See Davila*, 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

10.     Plaintiffs' state law claims unquestionably "relate to" and are "connected with" ERISA-governed employee benefit plans. Though framed as claims under Florida statutory or other common law, Plaintiffs' Complaint is, at its core, seeking ERISA-regulated benefits under ERISA § 502(a). Thus, this action is one in which this Court has original and/or exclusive jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and it is one that may be removed to this Court.

11.     In their Complaint, Plaintiffs preemptively claim this case is not preempted by ERISA because "this is not an action for benefits or relief under ERISA" and because they do not "seek any ERISA remedies herein"; rather Plaintiffs claim to assert only "state law statutory and common-law claims." (Compl. ¶¶ 33, 35, 37.) But that is not the standard, and Plaintiffs cannot avoid ERISA preemption through artful pleading.

12.     Plaintiffs' claim that the services provided are "covered services" under the applicable health plans insured of administered by Cigna and that Cigna has failed to pay for them. (Compl. ¶¶ 20, 23.) Because some of the patients at issue participate in ERISA-governed plans, Plaintiffs' claims necessarily "relate to" and are "connected with" ERISA-governed employee benefit plans and are intertwined with the alleged refusal to pay benefits under those plans, irrespective of the absence of an ERISA claim pled on the face of the Complaint.

13.     To the extent that some of the patients at issue are subscribers of health insurance policies not governed by ERISA, this Court has supplemental jurisdiction over such pendant state law claims pursuant to 28 U.S.C. § 1367.

14.     A copy of this Notice of Removal is being filed with the Clerk in the Superior Court of the State of Connecticut for the District of Hartford, Case No. HHD-CV19-6115233-S, as provided by law, and written notice is being sent to Plaintiff's counsel.

15.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16.     The allegations of this Notice are true and correct, and this case is removable to the United States District Court for the District of Connecticut.

17.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders served upon Cigna in the State Court action are attached as Exhibits 1-3 to the concurrently filed Declaration of Edward T. Kang and are incorporated herein by reference.

18.     If any question arises as to the propriety of the removal of this action, Cigna respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

19.     Defendants reserve the right to amend or supplement this Notice of Removal.

20.     Defendants reserve all defenses and counterclaims.

**WHEREFORE,** Cigna, by and through its counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice with the Clerk in the Superior Court of the State of Connecticut for the District of Hartford, Case No. HHD-CV19-6115233-S, effect the removal of said civil action to this Honorable Court.

Dated: August 28, 2019           Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
Edward T. Kang (No. CT26653)
Emily S. Costin (*pro hac vice* motion forthcoming)
950 F Street, NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com
emily.costin@alston.com

Kelsey L. Kingsbery (*pro hac vice* motion
forthcoming)
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
kelsey.kingsbery@alston.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that this day, August 28, 2019, I electronically filed the foregoing DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION using the CM/ECF system.  A copy of the foregoing was also served via U.S. Mail upon the following counsel of record:

> Lyndsay S. Bishop
> Scott G. Ofrias
> K&L Gates LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA 02111
>
> Scott M. Hare
> Scott Hare Law Office
> 1806 Frick Building
> 437 Grant Street
> Pittsburgh, PA 15219
>
> *Counsel for Plaintiffs*

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
EDWARD T. KANG (CT26653)
950 F Street, NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com

*Counsel for Defendants*