## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EPIC REFERENCE LABS, INC., BIOHEALTH MEDICAL LABORATORY, INC. and PB LABORATORIES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:19-cv-01326-SRU<br><br><br>October 14, 2021 |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively, "Cigna") hereby respond to the allegations in the First Amended Complaint brought by Plaintiff Epic Reference Labs, Inc., Biohealth Medical Laboratory, Inc., and PB Laboratories, LLC (collectively, "Plaintiffs") and further assert affirmative defenses:

## NATURE OF THE ACTION

1.      Cigna admits that Plaintiffs purport to bring this action under Florida statutory and common law but notes that this Court has dismissed Plaintiffs' common law claims in Count II and its claims under Florida Statutes §§ 627.662, 627.3154, and 641.3155. (*See* Dkt. No. 83). Cigna denies the allegations in this paragraph to the extent they allege that Cigna has violated any Florida statutory or common law.

2.      Cigna admits that Plaintiffs have not expressly asserted claims under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001 *et seq.* ("ERISA") or any other federal statute.  Cigna further admits that Plaintiffs purport not to seek relief for any claims

for which they lack ERISA standing due to a lack of a valid assignment of benefits.  Nevertheless, this Court has ruled that to the extent Plaintiffs' claims "relate to" benefit plans governed by ERISA, those claims are preempted and has already found, based on the pleadings, that certain of Plaintiffs' claims are preempted and has dismissed those claims with prejudice.  (Dkt. No. 83 at 39). Accordingly, Cigna denies the allegations in this paragraph to the extent they are inconsistent with the Court's rulings in this regard.

## PARTIES

3.      Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4.      Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5.      Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6.      Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7.      Cigna admits the allegations in this paragraph.

8.      Cigna admits the allegations in this paragraph.

## JURISDICTION AND VENUE

9.      The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna does not contest the Court's subject-matter jurisdiction over this lawsuit.

10.      The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna does not contest venue in this District.

## **GENERAL ALLEGATIONS**

11.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16.     Cigna admits that it has made payments to Plaintiffs on certain claims for reimbursement for testing services but denies that it has "default[ed]" on any payments to Plaintiffs.

17.     Cigna admits only that it has made payments to Plaintiffs on certain claims for services that Plaintiffs purport to have provided to subscribers or beneficiaries of benefit plans insured or administered by Cigna.  Cigna denies any remaining allegations in this paragraph.

18.     Cigna admits that, for various reasons, it has not made payments to Plaintiffs on all claims for services that Plaintiffs purport to have provided to subscribers or beneficiaries of benefit plans insured or administered by Cigna. Cigna specifically denies that it owes Plaintiffs any payments and denies any remaining allegations in this paragraph.

19.     Cigna denies the allegations in paragraph 19.

20.     Cigna denies the allegations in paragraph 20.

21.     Cigna denies the allegations in paragraph 21.

22.     Cigna denies the allegations in paragraph 22.

23.     Cigna denies the allegations in paragraph 23.

24.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.

26.     Cigna admits that some of the policies and benefit plans that it administers and/or insures are issued to subscribers in Florida but lacks knowledge or information sufficient to form a belief as to whether any such policies or benefit plans are at issue in this lawsuit.

27.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.

28.     Cigna admits that Plaintiffs are non-participating (out-of-network) providers and do not have a contract with Cigna governing the provision of their services of the billing or payment thereof. Cigna further admits that Plaintiffs do not have a contract with Cigna in which Plaintiffs agreed to accept discounted payments for covered services. Cigna denies the remaining allegations in this paragraph.

29.     Cigna admits only that it has made payments to Plaintiffs on certain claims for services that Plaintiffs purport to have provided to subscribers or beneficiaries of benefit plans insured or administered by Cigna.  Cigna denies any remaining allegations in this paragraph.

30.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Cigna specifically denies that it owes Plaintiffs any amount.

31.     To the extent the allegations in paragraph 31 pertain to Florida Statutes §§ 627.662, 627.3154, and 641.3155, no response from Cigna is required because any claims arising under those statutes have been dismissed. Cigna denies the remaining allegations in this paragraph.

32.     To the extent the allegations in paragraph 32 pertain to Florida Statutes §§ 627.662, 627.3154, and 641.3155, no response from Cigna is required because any claims arising under those statutes have been dismissed. Cigna denies the remaining allegations in this paragraph.

33.     To the extent the allegations in paragraph 33 pertain to Florida Statutes §§ 627.662, 627.3154, and 641.3155, no response from Cigna is required because any claims arising under those statutes have been dismissed. Cigna denies the remaining allegations in this paragraph.

34.     Cigna admits that Plaintiffs have not expressly asserted claims under ERISA or expressly sought any ERISA remedies. Nevertheless, this Court has ruled that to the extent Plaintiffs' claims "relate to" benefit plans governed by ERISA, those claims are preempted and has already found, based on the pleadings, that certain of Plaintiffs' claims are preempted and has dismissed those claims with prejudice.  (Dkt. No. 83 at 39).  Accordingly, Cigna denies the allegations in this paragraph to the extent they are inconsistent with the Court's rulings in this regard.

35.     Cigna admits that Plaintiffs have not expressly asserted claims under ERISA or expressly sought any ERISA remedies and have only expressly asserted state-law statutory and common-law claims.  Nevertheless, this Court has ruled that to the extent Plaintiffs' claims "relate to" benefit plans governed by ERISA, those claims are preempted and has already found, based on the pleadings, that certain of Plaintiffs' claims are preempted and has dismissed those claims with prejudice.  (Dkt. No. 83 at 39). Accordingly, Cigna denies the allegations in this paragraph to the extent they are inconsistent with the Court's rulings in this regard.

36.     Cigna admits that Plaintiffs have not expressly asserted claims under ERISA or expressly sought any ERISA remedies and only expressly seek state-law statutory and common-law remedies.  Nevertheless, this Court has ruled that to the extent Plaintiffs' claims "relate to" benefit plans governed by ERISA, those claims are preempted and has already found, based on the pleadings, that certain of Plaintiffs' claims are preempted and has dismissed those claims with prejudice.  (Dkt. No. 83 at 39). Accordingly, Cigna denies the allegations in this paragraph to the extent they are inconsistent with the Court's rulings in this regard.

37.     Cigna admits that Plaintiffs purport not to assert any assigned or derivative claims and purport only to assert claims in their own right.  However, Cigna denies that Plaintiffs have a direct right of payment for any claims and denies that Plaintiffs have a direct and independent right of action and remedy for any claims.

38.     Cigna admits that Plaintiffs purport to bring this lawsuit independently of any rights held by the subscribers and beneficiaries to whom they provided services. However, Cigna denies that Plaintiffs have any such right independent of its patients.

39.     Cigna admits that Plaintiffs lack standing to bring an action under ERISA for any claims for which they do not have a valid assignment. Cigna further admits that Plaintiffs purport to seek payment for services as to which Plaintiffs do not have a valid assignment of benefits from its patient.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Cigna denies these allegations.

40.     Cigna admits that Plaintiffs purport to exclude from this lawsuit any claims for which the Plaintiffs obtained a valid and permitted assignment of benefits from their patients where such assignments are permitted and authorized by the applicable Cigna policy.

41.     To the extent the allegations in paragraph 41 pertain to Florida Statutes §§ 627.662, 627.3154, and 641.3155, no response from Cigna is required because any claims arising under those statutes have been dismissed. The remaining allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.

42.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.

43.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.  Further, this Court has ruled that to the extent Plaintiffs' claims "relate to" benefit plans governed by ERISA, those claims are preempted and has already found, based on the pleadings, that certain of Plaintiffs' claims are preempted and has dismissed those claims with prejudice.  (Dkt. No. 83 at 39). Accordingly, Cigna denies the allegations in this paragraph to the extent they are inconsistent with the Court's rulings in this regard.

44.     Cigna denies the allegations in paragraph 44.

45.     Cigna denies the allegations in paragraph 45.

46.     To the extent that Plaintiffs allege Cigna failed to deliver a timely denial of the claims asserted and that an uncontestable obligation was incurred to pay the amount of such invoices, Cigna denies those allegations.  Cigna lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

47.     Cigna admits that Plaintiffs demanded certain payments from Cigna prior to filing this lawsuit but denies that Cigna owes Plaintiffs any amount.

48.     Cigna denies the allegations in paragraph 48.

49.     Cigna denies the allegations in paragraph 49.

50.     To the extent that Plaintiffs allege Plaintiffs satisfied all prerequisites to suit, that allegation is denied.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Cigna denies these allegations.

## COUNT I: ACTION FOR PAYMENT PURSUANT TO FLA. STAT. §§ 627.6131, 627.64194, 627.662, 641.3154, 641.3155

51.     Cigna incorporates its answer to the foregoing paragraphs as if fully set forth herein.

52.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes.  Cigna denies any remaining allegations in this paragraph.

53.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. For the remaining allegations, Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

54.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. Cigna denies the remaining allegations in paragraph 54.

55.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. Cigna denies the remaining allegations in paragraph 55.

56.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. Cigna denies the remaining allegations in paragraph 56.

57.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. Cigna denies the remaining allegations in paragraph 57.

58.     This Court dismissed this claim to the extent it arises under Florida Statutes Sections 627.662, 627.3154, and 641.3155.  (Dkt. No. 83).  Therefore, no response is required to the extent these allegations form the basis of any claim under those statutes. Cigna denies the remaining allegations in paragraph 58.

In response to Plaintiffs' request for relief, Cigna admits only that Plaintiffs seek relief from the Court.  Cigna denies that Plaintiffs are entitled to any such relief and deny all remaining allegations in Count I.

## COUNT II: BREACH OF IMPLIED CONTRACT/PROMISSORY ESTOPPEL

59.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

60.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

61.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

62.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

63.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

64.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

65.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

66.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

67.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

68.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

69.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

70.     This Court dismissed this breach of implied contract/promissory claim.  (Dkt. No. 83).  Therefore, Cigna is not required to respond to this allegation. To the extent a response is required, Cigna denies the allegations in this paragraph.

In response to Plaintiffs' request for relief, Cigna admits only that Plaintiffs seek relief from the Court.  Cigna denies that Plaintiffs are entitled to any such relief and deny all remaining allegations in Count II.

## COUNT III: *QUANTUM MERUIT*

71.     Cigna incorporates its answers to the foregoing paragraphs as if fully set forth herein.

72.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

73.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

74.     Cigna denies the allegations in paragraph 74.

75.     Cigna denies the allegations in paragraph 75.

76.     Cigna denies the allegations in paragraph 76.

In response to Plaintiffs' request for relief, Cigna admits only that Plaintiffs seek relief from the Court. Cigna denies that Plaintiffs are entitled to any such relief and deny all remaining allegations in Count III.

## COUNT IV: THIRD PARTY BENEFICIARY CLAIMS

77.     Cigna incorporates its answers to the foregoing paragraphs as if fully set forth herein.

78.     The allegations in this paragraph are admitted to the extent that Cigna is a party to contracts of health insurance with its subscribers. The remaining allegations constitute conclusions of law to which no response is required. To the extent a response is required, Cigna denies this allegation.

79.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

80.     Cigna denies the allegations in paragraph 80.

81.     Cigna denies the allegations in paragraph 81.

82.     Cigna denies the allegations in paragraph 82.

83.     Cigna denies the allegations in paragraph 83.

84.     Cigna denies the allegations in paragraph 84.

In response to Plaintiffs' request for relief, Cigna admits only that Plaintiffs seek relief from the Court. Cigna denies that Plaintiffs are entitled to any such relief and deny all remaining allegations in Count I.

## GENERAL DENIAL

Cigna denies any factual allegation not expressly admitted herein.  Cigna further denies that Plaintiffs are entitled to any form of relief and that Plaintiffs are entitled to any trial by jury.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' common law claims in Count II and its claims under Florida Statutes §§ 627.662, 627.3154, and 641.3155 in Count I in Plaintiffs' First Amended Complaint (Dkt. No. 47) are barred because the Court has dismissed them. (*See* Dkt. No. 83).

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, by its lack of standing to assert the claims herein.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred for their failure to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred because Cigna complied with the terms of the healthcare benefits plans that it insures and/or administers.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred because Plaintiffs have not suffered any damages; alternatively, Plaintiffs have suffered only damages caused by their own conduct.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims are barred by unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims are barred because of Plaintiffs' fraudulent conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims are barred, in whole or part, by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims are barred, in whole or part, by the doctrine of release.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims are barred, in whole or part, by its failure to mitigate its claimed damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims are barred because Cigna's actions were taken in response to Plaintiffs' illegal conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs are barred from recovery of any claims reimbursement and/or damages because its conduct caused the breach of the contracts governing their reimbursement for services provided to patients, including by failing to collect the patients' full cost-sharing responsibility.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, because they have been waived.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, because Cigna has made payments to the Plaintiffs in amounts consistent with Cigna's obligations.

### NINTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, because Cigna's actions were justified, excused, privileged, or a matter of right.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Any money owed to Plaintiffs is reduced, in whole or in part, under the doctrine of setoff and/or recoupment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not received sufficient and valid assignments of benefits from each of their patients and/or Plaintiffs' claims are barred due to anti-assignment provisions in the applicable health care plans/policies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims are preempted, in whole or in part, by ERISA

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs' claims fail because the services at issue are not covered under the terms of the applicable benefit plans.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs' claims are barred, in whole or part, because of Plaintiffs' own negligence.

## RESERVATION OF RIGHTS

Cigna intends to rely on any additional defenses which become available or apparent through additional discovery or investigation, and thus reserves the right to amend this Answer to assert such additional defenses.  Further, Cigna reserves the right to seek attorneys' fees and costs under ERISA § 502(g).

Respectfully submitted October 14, 2021.

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
EDWARD T. KANG (CT26653)
EMILY COSTIN (PHV No. 10291)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
E-mail: edward.kang@alston.com
E-mail: emily.costin@alston.com

KELSEY L. KINGSBERY
(PHV No. 10282)
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-862-2200
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

*Counsel for Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that this day, October 14, 2021, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
EDWARD T. KANG (CT26653)
950 F Street, NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com

*Counsel for Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*