**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIOHEALTH MEDICAL LABORATORIES, INC., PB LABORATORIES, LLC, EPIC REFERENCE LABS, INC., and EPINEX DIAGNOSTICS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01324-JCH<br><br>Hon. Janet C. Hall<br><br>January 31, 2022 |
| EPIC REFERENCE LABS, INC., BIOHEALTH MEDICAL LABORATORY, INC. and PB LABORATORIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 3:19-cv-01326-JCH<br><br>Hon. Janet C. Hall<br><br>January 31, 2022 |

**JOINT MOTION TO CONSOLIDATE ACTIONS FOR ALL PURPOSES**

As set forth more fully below, all parties to the above-captioned civil actions, namely 3:19-cv-01324-JCH, *Connecticut General Life Insurance Company v. BioHealth Medical Laboratories, Inc.* (the "Cigna Action"), and 3:19-cv-01326-JCH, *Epic Reference Labs, Inc. v. Cigna Health and Life Insurance Company* (the "Labs Action"), hereby jointly move this Court to consolidate the above-captioned matters, for all purposes pursuant to Federal Rule of Civil Procedure 42. In support of their Motion, the Parties state as follows:

1. On July 25, 2019, Epic Reference Labs, Inc., BioHealth Medical Laboratory, Inc. and PB Laboratories, LLC (the "Labs") filed the Labs Action in Connecticut State Court. (Superior Court Docket No. HHD-CV-19-6115233-S). The Labs allege that they are owed at least $32,074,089.37 in connection with testing services that the Labs provided to subscribers or beneficiaries of commercial, non-Medicare health plans insured or administered by Cigna. (Labs Action, ECF No. 47 ¶¶ 57, 76, 84.)

2. On August 27, 2019, Cigna filed the Cigna Action against the Labs as well as Epinex Diagnostics, Inc. ("Epinex"). Cigna alleges that the Labs and Epinex engaged in a fraudulent billing scheme that resulted in millions of dollars in overpayments to the Labs which Cigna now seeks to recoup through the Cigna Action. (Cigna Action, ECF No. 1 ¶ 1.) The case was assigned to Your Honor.

3. On August 28, 2019, Cigna removed the Labs Action to the District of Connecticut, and the case was assigned to Judge Underhill.

4. In connection with removal, Cigna filed its Notice of Related Case and notified the Court of the related Cigna Action pending before Your Honor. (Labs Action, ECF No. 4.)

5. Defendants in both cases filed motions to dismiss which were both granted in part and denied in part. (*See* Cigna Action, ECF No. 80; Labs Action, ECF No. 83.)

6. On October 14, 2021, Cigna filed its answer to the Labs' remaining claims and asserted several affirmative defenses, including a setoff defense (Labs Action, ECF No. 86 at 15.) The Labs, in turn, filed their answer to Cigna's remaining claims and also asserted several affirmative defenses, including a setoff defense. (Cigna Action, ECF No. 88 at 33.) The Parties' respective setoff defenses include any amounts owed as a result of their affirmative claims for relief against one another.

7. In both Actions, the Parties filed Joint Status Reports, updating the Court on various developments in the respective cases, including the Parties' discussions regarding the possibility of consolidation. (*See* Cigna Action, ECF No. 81 ¶¶ 12, 14; Labs Action ECF No. 90 ¶¶ 11, 13.) Additionally, both Courts entered identical scheduling orders, and the cases have been proceeding on the same schedule. (*See* Cigna Action, ECF. No. 78; Labs Action, ECF No. 78.)

8. Discovery is underway in both cases.

9. On January 4, 2022, the Court entered an order in the Labs Action reassigning the Labs Action to Your Honor for all further proceedings. (ECF No. 93.)

10. The Parties have conferred and agree that it is in the interest of judicial economy for these two actions to be consolidated for all purposes, including discovery and trial, moving forward.

11. The Parties expressly reserve their rights to objections regarding the format of trial, including whether the right to a jury trial exists in each action.

12. Pursuant to Federal Rule of Civil Procedure 42(a)(2), a district court has the authority to consolidate actions where those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). Further, "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1285.

13. "The Rule should be prudently employed as 'a valuable and important tool of judicial administration,' invoked to 'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir.

1999) (citations omitted). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Id.*

14. Here, consolidation will promote judicial economy and eliminate unnecessary repetition and confusion. The cases have identical deadlines and are at a similar stage in litigation. With the exception of Epinex, both cases involve the same parties. In addition, both cases involve substantially the same set of claims and defenses, whether asserted as an affirmative claim for relief or an affirmative setoff defense to a claim for relief. Thus, the cases will involve nearly all of the same documentary evidence, witnesses, and legal arguments.

15. Accordingly, consolidating the cases will avoid "unnecessary repetition and confusion" and will expedite discovery and trial.

16. The Parties agree that none of them will be prejudiced by consolidation, and that the proposed consolidation would further the interests of justice.

**WHEREFORE**, for the foregoing reasons, the Parties respectfully request that this Court enter an Order consolidating the Cigna Action and the Lab Action for all purposes pursuant to Federal Rule of Civil Procedure 42(a)(2).

Respectfully submitted January 31, 2022.

*/s/ Edward T. Kang*
EDWARD T. KANG (CT26653)
EMILY COSTIN (PHV No. 10291)
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
E-mail: edward.kang@alston.com
E-mail: emily.costin@alston.com

*/s/ Scott M. Hare (w/ permission)*
SCOTT M. HARE (admitted *pro hac vice)*
ANTHONY THOMAS GESTRICH (admitted *pro hac vice)*
**WHITEFORD, TAYLOR & PRESTON, LLP**
200 First Avenue
Third Floor
Pittsburgh, PA 15222
Telephone: 412-618-5600
Facsimile: 412-618-5596
E-mail: share@wtplaw.com
E-mail: agestrich@wtplaw.com

KELSEY L. KINGSBERY
(PHV No. 10282)
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-862-2200
Facsimile: 919-862-2260
E-mail: kelsey.kingsbery@alston.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

Fred Alan Cunningham (admitted *pro hac vice)*
Matthew Christ (admitted *pro hac vice)*
**DOMNICK CUNNINGHAM & WHALEN**
2401 PGA Boulevard, #140
Palm Beach Gardens, FL 33410
Email: fred@dcwlaw.com
Email: mtc@dcwlaw.com

JOHN J. RADSHAW III
(CT19882)
65 Trumbull Street, 2nd Fl.
New Haven, CT 06510
Telephone: 203-654-9695
Facsimile: 203-721-6182
E-mail: jjr@jjr-esq.com

*Counsel for BioHealth Laboratories, Inc., PB Laboratories, LLC, Epic Reference Labs, Inc., Epinex Diagnostics, Inc.,*

**CERTIFICATE OF SERVICE**

This is to certify that this day, January 31, 2022 I electronically filed the foregoing JOINT MOTION TO CONSOLIDATE with the Clerk of the Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*

EDWARD T. KANG (CT26653)
950 F Street, NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*